Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br>**DOMINICK GALLUZZO,**<br>Chapter 11 Debtor,<br><br>**DOMINICK GALLUZZO,**<br>Appellant,<br>v.<br>**INTERNAL REVENUE SERVICE,**<br>Appellees. | ON APPEAL FROM ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Bankruptcy No. 06-bk-15392 (SLM)<br><br><br>Civil Action No. 18-13435 (ES)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is the appeal of debtor Mr. Dominick Galluzzo ("Appellant") from the order of United States Bankruptcy Judge Stacey L. Meisel granting creditor Internal Revenue Service's ("IRS") motion to enforce the Chapter 11 plan and the Bankruptcy Court's confirmation order. (D.E. No. 1). Having considered the relevant submissions and the records of the bankruptcy proceedings, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court AFFIRMS the Bankruptcy Court's decision.

**I. BACKGROUND**

The Bankruptcy Court accurately described the history of this case as "long and tortuous." For purposes for this appeal, however, the following facts are sufficient. On June 15, 2006,

1

Appellant filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). *In re Dominick Galluzzo*, Bankruptcy Petition No. 06-15392, D.E. No. 1 (Bankr. D.N.J.) ("Chapter 11 Proceeding" or "Ch. 11 Pet."). Subsequently, the IRS filed a proof of claim totaling $1,277,495.57, which included a $1,255,211.34 secured claim for tax years 1999, 2000, 2001 and 2003. *See id.*, D.E. No. 216 ("Bankr. Ct. Op.") at 5. On July 27, 2006, Appellant initiated an adversary proceeding and eventually sought to fix the extent, validity, and priority of the liens of the IRS and other creditors on Appellant's two real properties. *Id.*, D.E. No. 27; *Galluzzo v. Lumbermens Mut. Casualty Co.*, Adversary Proceeding No. 06-2238, D.E. No. 1 (Bankr. D.N.J.) ("Adversary Proceeding" or "AP 06-2238"). On March 13, 2007, Appellant filed notices of settlement of controversy, indicating that he and the secured creditors resolved their disputes in the Adversary Proceeding. Ch. 11 Pet., D.E. Nos. 60 & 61; AP 06-2238, D.E. Nos. 26 & 27. On February 25, 2008, the Bankruptcy Court entered a stipulation and order in the Adversary Proceeding (the "Stipulation and Order"), which recognized the IRS's secured claim based on tax liabilities from years 1999, 2000, and 2001, *inter alia*. AP 06-2238, D.E. No. 48.

On March 14, 2007, while the Adversary Proceeding was still pending, Appellant filed his first modified Chapter 11 plan (the "Plan"). Ch. 11 Pet., D.E. No. 62. The Plan expressly included the IRS's secured claim among the "Allowed" claims under the Plan. *See id.* at 2 & 10. In March 2008, the Bankruptcy Court entered a confirmation order approving the Plan and incorporating the Stipulation and Order (the "Confirmation Order"). *Id.*, D.E. No. 153. Specifically, the Confirmation Order stated that the IRS's claim, *inter alia*, must be treated "as set forth in the Stipulation." *Id.* at 2. The Chapter 11 Proceeding closed on May 3, 2010.

Under the terms of the Confirmation Order, Appellant had until November 2011 to pay the IRS's claim. Plan at 9 (stating that Appellant had six years from the date of assessment of such

tax to pay the IRS's secured claims). As the due date was approaching, in March 2011, Appellant and his wife filed a complaint against the IRS in this Court, alleging, *inter alia*, that the IRS erroneously assessed the tax, interest, and penalties for tax years 1999 to 2001 and failed to provide Appellant with a notice of deficiency for the three tax years. *See Galluzzo v. United States*, No. 11-1607, 2012 WL 2005434, at *1 (D.N.J. May 15, 2012). Appellant further alleged that the IRS's tax claims for tax years 1999 to 2001, which were included in Appellant's bankruptcy proceedings, were dischargeable. *Id.* The Court dismissed Appellant's complaint, finding that it lacked subject matter jurisdiction to assess the validity of the tax claims. *Id.* at *4, *report and recommendation adopted*, No. 11-1607, 2012 WL 1949664 (D.N.J. May 30, 2012).

On May 21, 2012, Appellant filed a petition for redetermination of tax deficiencies in the United States Tax Court, challenging the tax assessment for the three tax years. *See Galluzzo v. Comm'r of Internal Revenue*, 105 T.C.M. 1814 (T.C. 2013). The IRS filed a motion to dismiss challenging the Tax Court's subject matter jurisdiction, arguing that Appellant's petition was untimely as it was filed beyond ninety days after the notices of deficiency were mailed. *Id.* at *1. In response, Appellant argued that they never received the notices of deficiency for tax years 1999 to 2001. *Id.* The Tax Court found that it lacked subject matter jurisdiction over the petition because a properly issued notice of deficiency is a prerequisite to the IRS's assessment of tax liability, which in turn is prerequisite to the Tax Court's jurisdiction, and because the IRS failed to carry its burden of proving that it mailed a notice of deficiency to Appellant and his wife for years 1999 to 2001. *Id.* at *2. The IRS appealed the Tax Court's decision to the Third Circuit, which affirmed that the Tax Court lacked subject matter jurisdiction. *Galluzzo v. Comm'r of Internal Revenue*, 564 F. App'x 656, 659–60 (3d Cir. 2014).

3

Following, Appellant contacted the IRS, claiming that no tax was owed by him and that the IRS must remove the liens on his properties. *Galluzzo v. United States*, No. 15-2201, 2015 WL 9302375, at *3 (D.N.J. Nov. 4, 2015). After the IRS told Appellant that the "tax liens would remain in place," Appellant filed a second action in this Court on March 27, 2015, seeking an injunction against the IRS to release its liens and to pay damages for not releasing them. *Id.* at *4. This case was again dismissed for a lack of subject matter jurisdiction because Appellant failed to exhaust the administrative remedies within the IRS, as required under 26 U.S.C. § 7432. *Id.* at *6, *report and recommendation adopted*, 2015 WL 9311486 (D.N.J. Nov. 30, 2015).

Finally, in 2016, in the Bankruptcy Court, the IRS filed a motion to reopen Appellant's Chapter 11 Proceeding and a motion to enforce the Plan and the Confirmation Order. Ch. 11 Pet., D.E. Nos. 197 & 198. Relying heavily on the Tax Court and the Third Circuit's decisions, Appellant opposed enforcement of the Confirmation Order and challenged its finality. *Id.*, D.E. No. 200. After oral argument and supplemental briefing, the Bankruptcy Court issued a fifty-page opinion detailing the procedural history of the case and explaining its decision to enforce the Plan and the Confirmation Order. Bankr. Ct. Op.

The Appellant appeals. (*See* D.E. No. 9 ("Appellant Br.")). The IRS filed a brief (D.E. No. 10 ("Appellee Br."), to which Appellant replied (D.E. No. 11 ("Reply Br.")). In addition, the Trustees of the Local 282 Welfare Trust Fund, Local 282 Pension Trust Fund, Local 282 Annuity Trust Fund, Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), which are not parties on appeal but were "one of the major creditors" in the bankruptcy proceedings and were parties to the Stipulation and Order, filed an *amicus* brief in support of the IRS. (D.E. No. 14).

## II. LEGAL STANDARDS

A federal district court has jurisdiction over appeals "from final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). The district court must "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *See In re United Health Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citation and quotation marks omitted). If necessary, the court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (citation and quotation marks omitted).

## III. DISCUSSION

### A. The Bankruptcy Court's Order Enforcing the Confirmation Order

Before the Bankruptcy court, Appellant challenged the enforcement of the Confirmation Order, arguing that the Bankruptcy Court lacked subject matter jurisdiction to allow the IRS's claim and the Confirmation Order was not res judicata with respect to the same claim. *See generally* Ch. 11 Pet., D.E. No. 200-1 ("Appellant Opp. Br."). Specifically, in his brief opposing the IRS's motion to enforce the Confirmation Order, Appellant argued that: (i) because the Confirmation Order incorporated the parties' Stipulation and Order, the Bankruptcy Court did not make an actual determination of tax liability on the merits; nor was the tax liability contested; (ii) the Stipulation and Order only resolved the order of priority among the secured creditors without fixing the dollar amount of the IRS's claim; (iii) the Plan adopted by the Confirmation Order allowed the Appellant to modify the Plan *at any time* after confirmation; and (iv) "the [T]ax [C]ourt had determined that the underlying tax upon which the IRS's claim [was] based [was] not owed." *Id.* at 9; *see generally id.* For these reasons, Appellant argued that the Confirmation Order was not a final order and the IRS's claim was unenforceable.

During the oral argument, Appellant raised an additional argument that, while the IRS initially had a lien against him and Mrs. Galluzzo, who are co-owners of the two real properties at issue in the Stipulation and Order, the IRS subsequently abated its claims against Mrs. Galluzzo. *Id.*, D.E. No. 209 at 38:18–39:6. Because the Stipulation and Order and the Confirmation Order did not apply to all parties to the dispute, Appellant argued that they lacked any res judicata effect and were not binding on him. *Id.* Because this argument was raised for the first time during the oral argument, Judge Meisel ordered supplemental briefing addressing this issue. *Id.* at 46:15–20. Judge Meisel also ordered the parties to address whether the secured portion of the claim could be challenged post confirmation, to address the relevance of Appellant's counsel's statement at the confirmation hearing, and to address whether "there [was] any statute of limitation or bar requiring [Appellant] to act within a certain period of time." *Id.* at 46:21–47:7.

Appellant's post-hearing brief only addressed the last issue—the time limitation to challenging his tax liability. Appellant argued that, because the IRS's claim was never determined on the merits, he had an ongoing right to challenge his tax liability. Ch. 11 Pet., D.E. No. 211 ("Appellant Post-Hr'g Br.") at 14–18. In addition, Appellant raised a few new arguments. First, Appellant argued that the Third Circuit held that the Confirmation Order had no res judicata effect. *Id.* at 3–7. Second, Appellant argued that the IRS failed to assess his tax liability for years 1999 to 2001 within the prescribed statutory period, and that the process for doing so must begin with a notice of deficiency. *Id.* at 9–10. That failure, according to Appellant, not only rendered the IRS's allowed claim void, but also divested the Bankruptcy Court of subject matter jurisdiction to approve the IRS's claim. *Id.* at 10–12. Pursuant to the Federal Rule of Civil Procedure 60(b), which carves out an exception to the finality of a court's determination if the judgment is void, Appellant argued that he should be relieved from IRS's claims even if the Confirmation Order

6

constituted a final decision on the merits. *Id.* at 8–9. Because the Bankruptcy Court had no subject matter jurisdiction over the IRS's claim, Appellant argued that he could not have waived his right to challenge the validity of the IRS's claim and no applicable statute of limitations applied. *Id.* at 11–13.

The Bankruptcy thoroughly addressed each argument of Appellant. The court first rejected the contention that "the [B]ankruptcy [C]ourt lacked subject matter jurisdiction over the IRS's claim for the same reason the tax court found it lacked jurisdiction," and explained that, "while it appears that the Internal Revenue Code requires the IRS to prove that it sent Debtor deficiency notices for the tax court to obtain jurisdiction over the dispute, the Bankruptcy Code imposes no such requirement on this [c]ourt." Bankr. Ct. Op. at 22. The Bankruptcy Court's jurisdiction over the IRS's claim was vested by 28 U.S.C. § 1334 and § 157, which allow the court to preside over "proceedings 'arising in' a case under title 11." *Id.* The court also explained it has jurisdiction to determine the IRS's claim under § 505(a) of the Bankruptcy Code, which explicitly allows a bankruptcy court to determine the amount or legality of any tax, "*whether or not the IRS previously assessed the tax.*" *Id.* at 26 (emphasis in original); *see id* at 26–27.

Next, the Bankruptcy Court took it upon itself to examine its constitutional authority to adjudicate the IRS's claim. Grounding its holding in case law, the court also found that it had constitutional authority to enter the Confirmation Order. Bankr. Ct. Op. at 30–31. Alternatively, based on Appellant's "explicit[] and repeated[] consent to the [B]ankruptcy [C]ourt's authority to decide this dispute," the court held that Appellant either waived or forfeited any right he may have to litigate the IRS's claim before an Article III judge. *Id.* at 31–32.

The Bankruptcy Court also rejected Appellant's various arguments that the Confirmation and Order is not a final and binding order. The court's analyses focused on the procedural

background of this case, the relevant language of the Confirmation Order and the Stipulation and Order, and the case law that formed the basis of the parties' arguments. *See generally id.* at 33–49.

### B. The Appeal Before This Court

Against the tortuous history of this case and the complicated issues addressed by the Bankruptcy Court, the issue before this Court is a narrow one. Appellant appeals the Bankruptcy Court's order enforcing the Plan and Confirmation Order and argues that the Bankruptcy Court committed a reversible error by failing to reconsider, on the court's own volition, the IRS's claim for cause pursuant to 28 U.S.C. § 502(j). In other words, Appellant no longer challenges the Bankruptcy Court's jurisdiction or the finality of the Confirmation Order. Nor does he challenge any of the Bankruptcy Court's reasoning discussed above. Rather, he invokes new legal bases that were never raised before the Bankruptcy Court and argues that the Bankruptcy Court erred in not considering them *sua sponte*.

While the legal bases are new, the theme is a familiar one. Appellant argues that, because the Tax Court and the Third Circuit held that the IRS's failure to send out notices of deficiency "voided the assessments" of his tax liability for years 1999 to 2001, and because the statute of limitations has run, "the IRS no longer has any right to assess the tax or to collect it in any court." (Appellant Br. at 12 & 18). Appellant then argues for the first time on appeal that: (i) the parties' made a "mutual mistake" when they entered into the Stipulation and Order and erroneously believed in the validity of the IRS's claim (*id.* at 24); (ii) the Tax Court and the Third Circuit's holding regarding the Tax Court's lack of jurisdiction constitutes new evidence in this matter (*id.* at 22); (iii) § 502(b)(1) of the Bankruptcy Code prohibits the allowance of any claim if it is "unenforceable against the Debtor under any agreement or applicable law" (*id.* at 27–28); and (iv)

"the equities here certainly warrant reconsideration" (*id.* at 26). Invoking § 502(j) of the Bankruptcy Code—again, for the first time on appeal—Appellant argues that these grounds constitute the required "cause" and "equities of the case" that "warranted" reconsideration and disallowance of the IRS's claim. (*Id.* at 15). Because the Bankruptcy Court failed to invoke § 502(j) *sua sponte* or to consider "cause" and "the equities of the case," it abused its discretion. (*See id.*). At the very least, according to Appellant, the Bankruptcy Court must "state why it did not feel that [an evidentiary] hearing was appropriate." (Reply Br. at 6.) Moreover, Appellant surmises that the "most reasonable explanation" for Bankruptcy Court's failure to conduct such hearing or explain its reasoning, despite being presented with "facts and arguments which warranted a determination" of disallowance, is that the Bankruptcy Court must have "thought that a motion was required" to invoke § 502(j). (*Id.* at 6; Appellant Br. at 15). That erroneous belief, Appellant argues, "constitutes a reversible legal error and an abuse of discretion." (Mov. App. Br. at 30). The Court disagrees.

      Section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 grant bankruptcy courts the power to reconsider for cause a claim that has been allowed or disallowed. 11 U.S.C. § 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."); Fed. R. Bankr. P. 3008 ("A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."). While Rule 3008 specifically states that such reconsideration may be awarded on motion by an interested party, courts have held that, under bankruptcy courts' "broad remedial powers extend to deciding the procedure necessary to invoke them," reconsideration under § 502(j) may also be awarded on a bankruptcy court's own volition. *Brielle Assocs. v. Graziano*, 685 F.2d 109, 112 (3d Cir. 1982); *In re Lower Bucks Hosp.*, 571 F. App'x 139, 143 (3d Cir. 2014) (citing

9

*In re Kirwan*, 164 F.3d 1176 (8th Cir. 1999)); *Makris v. Amboy Bank*, No. 08-2691, 2008 WL 4692339, at *4 (D.N.J. Oct. 23, 2008); *In re Maronda Homes, Inc.*, No. BR 11-22418, 2013 WL 942563, at *4 (Bankr. W.D. Pa. Mar. 11, 2013).

Contrary to Appellant's contentions, nothing in the Bankruptcy Court's opinion suggests that the court "erroneously believe[ed]" that a motion was required for the court to consider the IRS's claim under §502(j). (*See* Appellant Br. at 15). The Bankruptcy Court referenced § 502(j) once in its entire opinion. When finding that the Stipulation and Order is res judicata because, *inter alia*, it was a final judgment on the merits, the Bankruptcy Court explained in a footnote that "[p]arty can seek reconsideration of an order allowing a claim against the estate. *See* 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. However, Debtor never moved for reconsideration of the Stipulation and Order." Bankr. Ct. Op. at 44 n.247. This footnote merely emphasized that the Stipulation and Order was a final judgment and the fact that no party had ever challenged it; it does not reflect on the court's belief regarding whether it could or could not reconsider the IRS's claims *sua sponte*.

Furthermore, the Bankruptcy Court did not commit any error for not explaining why it did not reconsider the IRS's claim for cause *sua sponte*. Appellant provides no law, and the Court has found none, to suggest that a Bankruptcy Court must explain its decision not to invoke § 502(j). While Appellant notes that the Bankruptcy Court has "the ancient and elementary power to reconsider *any* of its orders" (Appellant Br. at 20 (quoting *Brielle Assoc.*, 685 F.2d at 111 (emphasis added))), it does not follow that the Bankruptcy Court must do so. And the upshot of imposing such an obligation would be to require the Bankruptcy Court to explain every time it declines to reconsider its own decisions *sua sponte*. That result is not required under the Bankruptcy Code or the case law, nor does it make practical sense.

Finally, the Bankruptcy Court did not abuse its discretion by not reconsidering the IRS's claim for cause *sua sponte*. The Bankruptcy Court's power to reconsider its own decision *sua sponte* was permissive, not mandatory. *Brielle Assocs.*, 685 F.2d at 112. Thus, Appellant bears a high burden on appeal to show that the circumstances are such that the Bankruptcy Court abused its discretion for failing to do something it did not have to do. That burden clearly is not met here.

As a preliminary matter, the legal framework governing motions for relief from judgment and motions for reconsideration—at least in this context—are materially the same, suggesting that the Bankruptcy Court did not overlook Appellant's arguments and did not abuse its discretion for not invoking § 502(j). Relief from judgment, which Appellant sought before the Bankruptcy Court, is governed by Federal Rule of Civil Procedure 60(b), which is incorporated into the Bankruptcy Rules through Rule 9024. 11 U.S.C. § 9024. Reconsideration, which is at issue on appeal, is governed by Bankruptcy Rule 3008 and § 502(j), under which bankruptcy courts can reconsider a claim "for cause" and according to "the equities of the case." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. However, because "cause" and "equities" under § 502(j) are not defined, courts have broadly construed these terms to include grounds for relief from judgement under Federal Rule of Civil Procedure 60(b). 11 U.S.C. § 9024; *see In re Motor Freight Exp.*, 91 B.R. 705, 711 (Bankr. E.D. Pa. 1988). While Appellant raised certain arguments under Rule 60(b) before the Bankruptcy Court, he raised them as grounds for relief from judgment, not as grounds for reconsideration. (*Compare* Opp. Br. at 9–10; Post Hr'g Br. at 8–13 *with* Appellant Br. at 15–18 & 24–28). This distinction is immaterial, however, because for purposes of this appeal, relief from judgment and reconsideration consider the same Rule 60(b) factors.

Here, Appellant appears to invoke Rule 60(b)(1), (2), (4), and (5) by arguing that he is entitled to reconsideration based on the parties' "mutual mistake," "new evidence," void judgment,

and "equities of the case." (Appellant Br. at 19–28). Appellant also argues that reconsideration should be granted under Rule 60(b)(6), the catch-all provision that allows reconsideration for "any other reason that justifies relief." (Reply Br. at 13). However, the Court does not find Appellant is entitled to relief.

First, Appellant waived with arguments under Rule 60(b)(1), (2), or (6). As the IRS correctly points out, and Appellant does not dispute, Appellant never raised "mistake" or "newly discovered evidence" under Rule 60(b)(1) and (2) as grounds for relief from judgment, and he never raised Rule 60(b)(6). (Appellee Br. at 12–16; *see generally* Reply Appl. Br.). These arguments are thus waived. *See Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000) (holding that an issue was waived by failing to raise it in the Bankruptcy Court); *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 212 (3d Cir. 1995) ("[A]n appeals court will not consider issues not raised in the court below.").

Second, as to Appellants Rule 60(b)(4) argument, Appellant does not even attempt to challenge the Bankruptcy Court's analysis that led to its explicit rejection of Appellant's Rule 60(b)(4) arguments. Before the Bankruptcy Court, Appellant generally argued that that the IRS's claim was void and unenforceable because the underlying tax liability was not assessed within the prescribed statute of limitations, and that Federal Rule of Civil Procure 60(b)(4) authorizes the relief of a party from a final judgment if the judgment is void.[1] Appellant Post-Hr'g Br. at 8. However, the Bankruptcy Court thoroughly addressed that argument and held that the tax claim is enforceable because the court's Confirmation Order is res judicata. *See generally* Bankr. Ct. Op.

---

[1] Plaintiffs suggests the IRS's claim is unenforceable under § 502(b)(1) of the Bankruptcy Code. (Appellant Br. at 27–28). Under § 502(b)(1), a claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." While Appellant generally argued unenforceability before the Bankruptcy Court, he did not invoke § 502(b)(1) or any of the case law he now presents on appeal. For the same reasons stated above, the Court will not entertain this argument. *See In re Indian Palms Assocs., Ltd.*, 61 F.3d at 212.

12

More specifically, relying on the Supreme Court's holding that "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard," the Bankruptcy Court found that neither jurisdictional error nor due process violations occurred in this case and thus explicitly rejected Appellant's argument under Rule 60(b)(4). Bankr. Ct. Op. at 21–26. Appellant does not challenge the Bankruptcy Court's analysis—indeed, Appellant now agrees that the Bankruptcy Court "had jurisdiction over this matter under 28 U.S.C. [§] 1334 (b) and 157(a) and the Standing Order." (Appellant Br. at 1). Rather, Appellant merely repurposes his arguments in support of a relief from judgment and, without addressing the Bankruptcy Court's analysis, argues that "the law is so clear" that he is entitled to *sua sponte* reconsideration. (*Id.* at 28). The Court finds the Appellant falls woefully short of carrying his burden to demonstrate that the Bankruptcy Court abused its discretion.

Third and finally, as to Appellant's Rule 60(b)(5) argument, he similarly does not sufficiently rebut the Bankruptcy Court's decision reading the "equities of the case." Before the Bankruptcy Court, Appellant invoked Rule 60(b)(5), arguing that it was inequitable to enforce the IRS's claim. Ch. 11 Pet., D.E. No. 200-1 at 9 ("[T]he [c]ourt should relieve debtor of any obligation to pay the United States' claim because enforcement of the claim would not be equitable. FRCP 60(b)(5). The Tax Court has determined that the underlying tax upon which the United States' claim is based is not owed."). The Bankruptcy Court addressed the equity of the case, stating:

> It is evident to this Court that Debtor wants to keep the advantages of the agreement with the IRS, not the least of which is it enabled him to confirm his Plan and exit bankruptcy, but at the same time deprive the IRS of the benefit of its bargain. Permitting such conduct is not only inequitable, but contrary to the law.

Bankr. Ct. Op. at 44. The court also stated that:

13

> Ultimately, Debtor's consensual and voluntary agreement to pay the IRS—memorialized in the Stipulation and Order and the Confirmation Order—overrides any alleged defect in service of the notice of deficiency, which this [c]ourt has already found does not affect its jurisdiction over the IRS's claim. Now that the time has come to pay the claim, Debtor no longer likes the deal he struck. Debtor cannot take all the benefits of a confirmed Chapter 11 plan and then discard the burdens. To permit Debtor to prevail on such nonsense is antithetical to his original interest in concluding his bankruptcy case and the finality established by the Stipulation and Order and Confirmation Order. Debtor made his bed and now must lie in it.

*Id.* at 32. Appellant does not address any of this discussion or explain why the Bankruptcy Court's findings were wrong. He merely presents the same Rule 60(b)(5) argument and declares that he is entitled to reconsideration. (Appellant Br. at 24–26). Bankruptcy courts are "given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 998 F.3d 35, 41 (1st Cir. 2021). By not evening challenging the Bankruptcy Court's reasoning, Appellant fails to meet his burden of establishing that the Bankruptcy Court abused its wide discretion.

### IV. CONCLUSION

For the forgoing reasons, the Court declines AFFIRMS the Bankruptcy Court's decision. An appropriate Order accompanies this Opinion.

Date: October 25, 2021                             *s/Esther Salas*
                                                   **Esther Salas, U.S.D.J.**

14